UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL TRAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV717 CDP |
| | ) | |
| O. LEE, LLC, d/b/a DRAIN | ) | |
| SURGEONS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Michael Trapp worked as a drain operator/metal trades technician for defendant O. Lee, LLC, doing business as Drain Surgeons, LLC.  Trapp alleges that defendants failed to pay him for his overtime and "on call" hours, and he brings claims under the Fair Labor Standards Act (FLSA), the Missouri Minimum Wage Law (MMWL), and Missouri common law.  Defendants brought this motion to dismiss, seeking to limit Trapp's common-law claims pursuant to Missouri's two-year statute of limitations.

Missouri law distinguishes between regular, or straight time, wages and overtime wages.  Overtime wages are paid for hours worked in excess of forty hours per week, and must be at a rate of not less than one and one-half times the employee's regular rate.  Mo. Rev. Stat. § 290.505(1).  As set forth more fully

below, Missouri law also distinguishes between straight time and overtime wages for statute of limitations purposes.  Plaintiff's common-law claims can be read to seek damages based on straight time or overtime wages.  I agree with defendants that Missouri's two-year statute of limitations applies to all claims for overtime wages, but I agree with plaintiff that the longer five-year statute of limitations applies to the common-law claims to the extent they seek straight time wages.  I will therefore deny defendants' motion to dismiss to the extent that plaintiff's common-law claims seek regular or straight time wages.

## Background

Drain Surgeons, LLC is a Missouri corporation that provides drain cleaning assistance to individuals and businesses throughout Eastern Missouri.  Defendant Connie Grimes is the President of O. Lee, LLC, which purchased Drain Surgeons from defendant James Von Klemen in April of 2010.

Plaintiff Michael Trapp worked for Drain Surgeons as a drain opener and metal trades technician from August 1998 until August 15, 2011.  Beginning in 2004, Trapp worked at the Drain Surgeons facility in Imperial, Missouri.  Trapp alleges that until May 20, 2011, he worked without pay during evenings and weekends for approximately twenty-five hours per week in addition to his regular forty hour work week.  He further alleges that he performed work on an "on call basis" outside of both his regular hours and twenty-five overtime hours.  During

the "on call" time, Trapp was unable to use the time for personal pursuits, as he was required to respond to calls in a short amount of time, in uniform and with the company van, and he was unable to refuse a call.  Trapp was not paid for his time spent "on call."

Trapp filed this complaint alleging seven separate counts.  Counts 1 and 2 allege violations of the FLSA and seek damages for the period three years before the filing of the complaint.  Counts 3 and 4 allege violations of the MMWL and seek damages for two years before the filing of the complaint.  Counts 5, 6, and 7 are for breach of contract, quantum meruit, and unjust enrichment, respectively, and seek damages "equal to all unpaid wages" due within five years before the filing of the complaint.  Defendants filed this motion to dismiss, arguing that counts 5, 6, and 7 are subject to a two-year statute of limitations.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  "The possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the

complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635

F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th

Cir. 2008)).

There are two Missouri statutes of limitations dealing with the recovery of

unpaid minimum wages and overtime compensation.  The general two-year statute

of limitations applies to:

> An action for libel, slander, assault, battery, false imprisonment,
> criminal conversation, malicious prosecution or actions brought under
> section 290.140.  **An action by an employee for the payment of
> unpaid minimum wages, unpaid overtime compensation** or
> liquidated damages by reason of the nonpayment of minimum wages
> or overtime compensation, and for the recovery of any amount under
> and by virtue of the provisions of the Fair Labor Standards Act of
> 1938 and amendments thereto, such act being an act of Congress,
> shall be brought within two years after the cause accrued.

Mo. Rev. Stat. § 516.140 (emphasis added).  The Minimum Wage Law also

contains its own two-year statute of limitations:

> Any employer who pays any employee less wages than the wages to
> which the employee is entitled under or by virtue of sections 290.500
> to 290.530 shall be liable to the employee affected for the full amount
> of the wage rate and an additional equal amount as liquidated
> damages, less any amount actually paid to the employee by the
> employer and for costs and such reasonable attorney fees as may be
> allowed by the court or jury.  The employee may bring any legal
> action necessary to collect the claim.  Any agreement between the
> employee and the employer to work for less than the wage rate shall
> be no defense to the action.  All actions for the collection of any
> deficiency in wages shall be commenced within two years of the
> accrual of the cause of action.

Mo. Rev. Stat. § 290.527.  Missouri's five-year statute of limitations, however, applies to:

> All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110 and except upon judgments or decrees of a court of record, and except where a different time is herein limited . . .

Mo. Rev. Stat. § 516.120.

Although the two-year limitations period in § 516.140 applies to Trapp's claims seeking overtime pay for breach of contract, quantum meruit, and unjust enrichment, the five-year statute of § 516.120 applies to the claims insofar as those claims seek recovery of regular or straight time wages.  The two-year statute of limitations in § 290.527 does not apply because it applies only to claims arising under the MMWL for an employee who is paid less wages than required by §§ 290.500 to 290.530.  The last sentence of § 290.527 creates a two-year statute of limitations for "[a]ll actions for the collection of any deficiency in wages." Despite its broad language, this sentence must be read in the context of § 290.527 as a whole, which explicitly limits its application to actions arising under §§ 290.500 to 290.530.

Section 516.140, while not limited to claims arising under the MMWL, explicitly refers to actions for the payment of unpaid minimum wages or overtime compensation.  Trapp's common-law claims for straight time wages have their

basis in general contract law, and thus are governed by the five-year statute of limitations of § 516.120.

The limited caselaw on this subject supports the conclusion that § 290.527 only applies to claims arising under §§ 290.500 to 290.530, and that § 516.120 only applies to claims for minimum wage or overtime compensation.  In *Banks v. Ameren UE*, 4:05CV477 JCH, 2005 WL 2176927 (E.D. Mo. Sep. 8, 2005), the plaintiff sued his former employer to recover the statutory penalty provided in Mo. Rev. Stat. § 290.110 for delaying payment due a discharged employee.  *Id.* at *5. The employer tried to assert § 290.527's two-year statute of limitations.  *Banks* noted, in a footnote, that § 290.527 did not apply because it is "the statute of limitations for unpaid *minimum* wages."  *Id.*  (emphasis in original).

*Wells v. Fedex Ground Package System, Inc.*, No. 4:10CV2080 JCH, 2011 WL 1769665 (E.D. Mo. May 9, 2011), also discussed the application of § 290.527. The plaintiff in *Wells* alleged that "'Defendant unlawfully withheld and diverted monies from the compensation earned by Plaintiffs and for business expenses of Defendant,' in violation of Missouri Revised Statutes § 290.010 *et. seq.*"  *Id.* at *2 (quoting Compl. ¶ 43, *Wells*, 2011 WL 1769665).  *Wells* cited § 290.527 as the applicable statute of limitations.  Although on its surface *Wells* appears to apply § 290.527 outside the context of §§ 290.500 to 290.530, on closer inspection it can be seen that this is not the case.  It is true that plaintiffs in their complaint – and the

court, in citing that complaint – stated that the action arose under § 290.010 *et seq*.

However, in arguing the motion to dismiss, plaintiffs clarified that their wage

claim was being brought under § 290.502 and conceded that § 290.527 was the

applicable statute of limitations.  Pl.'s Mem. In Opp'n re Mot. to Dismiss Case at

9, *Wells*, 2011 WL 1769665.  The application of § 290.527 in *Wells* – offered

without further explanation – is therefore either silent to or consistent with the

conclusion that § 290.527 applies only to §§ 290.500 to 290.530.

   *Nobles v. State Farm Mutual Automobile Insurance Company*, No.

2:10CV4175 NKL, 2011 WL 5563444 (W.D. Mo. Nov. 15, 2011), applied the

five-year statute of limitations of § 516.140 to plaintiffs' unjust enrichment claim

concerning non-overtime wages.  *Id.* at *2.  In so holding, the court distinguished

plaintiffs' MMWL claim, which focused on "failure to pay overtime damages,"

and the unjust enrichment claim, the gravamen of which was "a contract claim for

'straight-time' (non-overtime) wages."  *Id.*  Because the unjust enrichment claim

represented "a clearly independent claim aimed at redressing a different

grievance," the five-year statute of limitations of § 516.140 applied.  *Id.*

   *Sutton-Price v. Daugherty Systems, Inc*., No. 4:11CV1943 CEJ, 2012 WL

2282344 (E.D. Mo. June 18, 2012), also addressed the three statutes of limitations

at issue here.  In *Sutton-Price*, plaintiffs brought claims for unpaid overtime

compensation under the FLSA, MMWL, and Missouri common law.  *Sutton-Price*

held that the two-year statute of limitations of § 516.140 applies to "*all* claims for unpaid overtime," despite the plaintiffs' argument that it only applies to claims under the MMWL. *Id.* at *2 (emphasis in original). The court explained, "the MMWL contains its own two-year statute of limitations" in § 290.527, and to limit § 516.140 to apply only to the MMWL would render § 290.527 superfluous. *Id. Sutton-Price* only dealt with the application of § 516.140 to claims for overtime compensation, and did not extend to claims for straight time wages. To the extent Trapp seeks only straight time wages under his Missouri common-law counts, therefore, *Sutton-Price* is inapposite. Furthermore, in clarifying that § 516.140 is not limited to the MMWL, *Sutton-Price* implied that § 290.527 *is* so limited. To interpret § 290.527 otherwise would in turn render § 516.140 superfluous.

*Davenport v. Charter Communications, LLC*, No. 4:12CV7 AGF, 2012 WL 5050580 (E.D. Mo. Oct. 18, 2012), is the one case to hold that even common-law claims for straight time wages are governed by a two-year statute of limitations. *Id.* at *3-4. Like the present case, the plaintiffs in *Davenport* brought claims for collection of both straight time and overtime wages. *Id.* at *1. In addition to claims under the FLSA and MMWL, plaintiffs brought counts for breach of contract, quantum meruit, and unjust enrichment. *Id.* In applying the two-year statute of limitations to the common-law claims, the court stated that it was following *Sutton-Price*, "which held in a similar context that under Missouri law,

claims such as those under consideration were governed by a two-year limitations period." *Davenport*, 2012 WL 5050580, at *4.  However, as discussed above, I do not read *Sutton-Price* so broadly.  *Sutton-Price* dealt only with the application of § 516.140 to overtime compensation, and not to straight time wages.  For that reason, and all others stated above, I disagree with the conclusion in *Davenport*.  To the extent that Trapp's common-law claims seek straight time wages – and only to that extent – those claims are governed by the five-year statute of limitations of § 516.120.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to supplement [#11] is granted.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [#3] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2013.

- 9 -