UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TRAPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV717 CDP |
| ) | |
| O. LEE, LLC, d/b/a DRAIN ) | |
| SURGEONS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Michael Trapp worked as a drain operator/metal trades technician for defendant O. Lee, LLC, doing business as Drain Surgeons, LLC. Trapp alleges that defendants failed to pay him for his overtime hours, and he brings claims under the Fair Labor Standards Act (FLSA), the Missouri Minimum Wage Law (MMWL), and Missouri common law. Defendants have now moved for summary judgment. For the reasons that follow, I will grant defendants' motion only to the extent that plaintiff's claims shall be limited to the period from March 2008 to May 2011.

## **Undisputed Facts**

Plaintiff Michael Trapp worked as a service technician with Sewer Surgeons. In 2002, Defendant James Von Klemen purchased Sewer Surgeons'

assets and established Drain Surgeons. Drain Surgeons hired Trapp as a service technician in November of 2002. Trapp had more experience than the other service technicians at Drain Surgeons.

Trapp had been earning hourly wages, but in March of 2008 Von Klemen began paying him a yearly salary of $82,680. At the same time, some warehouse duties were added to Trapp's existing duties as an employee of Drain Surgeons. Trapp's other duties included going out on service calls, helping maintain inventory, and assisting other service technicians because of his superior experience. Von Klemen reduced his own duties at Drain Surgeons in 2008, although he still maintained at least some presence at the office and at weekly meetings.

Defendant Connie Grimes purchased Drain Surgeons from Von Klemen in April of 2010. In May 2011, Trapp's duties changed again; for instance, he no longer took the complaints of service technicians to management. His pay was also lowered. Trapp resigned his employment with Drain Surgeons in August 2011.

Trapp filed this complaint alleging that he worked an average of 65 hours per week from March 2008 to May 2011, and is owed overtime pay accordingly. Defendants have moved for summary judgment on all claims, arguing they are entitled to summary judgment because: (1) Trapp worked as a manager or

supervisor between March 2008 and May 2011 and was thus an exempt "executive" or "administrative" employee under the FLSA and MMWL, (2) Trapp was properly paid for all times outside of the March 2008 to May 2011 period, and (3) Trapp's common law claims fail on their merits.  Defendants further argue that Trapp's state common law claims are governed by the two-year statute of limitations, and that the appropriate computation of any overtime premium due is one-half Trapp's regular rate of pay.

## Discussion

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings but must set forth by affidavit or other evidence specific facts showing that a genuine issue of material facts exists.  Fed. R. Civ. P. 56(e).  At the summary judgment stage, I will

not weigh evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue of material fact.  *Anderson*, 477 U.S. at 249.

*Executive and Administrative Exemptions*

Under the FLSA, an employee who works longer than forty hours per week must be paid at a rate not less than one and one-half times the regular rate at which he is employed.  29 U.S.C. § 207(a)(1).  The FLSA exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from the overtime requirements of section 207.  29 U.S.C. § 213(a)(1).

An employee employed in a "bona fide executive capacity" means any employee:  (1) compensated on a salary basis of not less than $455 per week, (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, (3) who customarily and regularly directs the work of two or more other employees, and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  29 C.F.R. § 541.100(a)(1)-(4).  An employee employed in a bona fide administrative capacity means any employee:  (1) compensated on a salary or fee basis at a rate of not less than $455 per week, (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of

the employer or the employer's customers, and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.  29 C.F.R. § 541.200(a)(1)-(3).

It is undisputed that Trapp met the compensation prong of both exemptions. However, after carefully reviewing the parties' submissions I find that genuine issues of material fact remain as to the scope and nature of Trapp's work, including what constituted his primary duties, his direction of other employees, his input in hiring/firing decisions, and the amount of discretion he was afforded.  I will therefore deny defendants' motion for summary judgment as to Trapp's FLSA and MMWL claims.

### *Common Law Claims*

In addition to the FLSA and MMWL claims, Trapp brought claims for breach of contract, quantum meruit, and unjust enrichment under Missouri common law.  Defendants argue that Trapp "admitted he took the supervisor position with full knowledge and understanding that his salary would constitute compensation for however many hours he worked each week." Def's Br. at 19. While the parties' submissions show that Trapp had agreed to a specific salary, there is also testimony by both Trapp and Grimes indicating the agreement may have included Trapp's receiving "comp time" for hours worked beyond forty hours per week.  There is thus a genuine issue of material fact as to the content of the

agreement between the parties, and I will deny defendants' motion for summary judgment as to Trapp's Missouri common law claims.

*Remaining Issues*

Defendants argue that Trapp was paid appropriately for all periods of work outside the March 2008 to May 2011 period, and thus his claims should be limited accordingly. Trapp does not dispute this fact, and I will grant defendant's motion for summary judgment on this point.

Defendants also argue that the two-year statute of limitations should apply to Trapp's common law claims because they seek overtime wages. In my January 16, 2013 opinion denying defendants' motion to dismiss, I already held that the two-year statute of limitations applies to these claims insofar as they seek overtime wages. While I held that Trapp's common law claims were governed by the five-year statute of limitations to the extent they sought straight time wages, Trapp has since dismissed the straight time (on call) portion of his claims. Accordingly, I need not revisit this issue.

Finally, defendants argue that should Trapp be entitled to overtime compensation, it should be computed as one-half of his regular rate of pay, rather than one and one-half times his regular rate of pay. Defendants cite various cases for the proposition that where an employee has been misclassified as exempt and had a fixed salary, the applicable overtime premium is one-half the regular rate of

pay. However, these cases rely on "proof of a clear mutual understanding between the employer and the employee that the employee's fixed salary was meant to compensate him for any and all hours that the employee worked." *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 678 (7th Cir. 2010). As stated in the section above, there is a genuine issue of material fact as to whether such an understanding existed. I will deny defendants' motion for summary judgment on this point.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [#33] is granted only to the extent that plaintiff's claims are limited to the period of March 2008 to May 2011; defendants' motion is denied in all other respects.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2013.